IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BELK, INC.                                                                                              PLAINTIFF

v.                                             Case No. 5:25-cv-5086

SCOTTSDALE CENTER, LLC                                                                 DEFENDANT

### ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 44. Judge Ford recommends that Plaintiff Belk, Inc.'s ("Belk") Supplemental[1] Motion for Preliminary Injunction (ECF No. 21) be denied. Belk filed a timely objection. ECF No. 45. The Court finds the matter ripe for consideration.

Belk brings this action seeking declaratory relief pursuant to 28 U.S.C. § 2201. ECF No. 5. Belk requests that the Court declare the rights and obligations of Belk and Defendant Scottsdale Center, LLC, Belk's successor-landlord, regarding a lease agreement ("Ground Lease") and its subsequent amendments under which Belk occupies and operates a department store on property belonging to Scottsdale. ECF No. 5. Belk's current request for an injunction seeks to enjoin Scottsdale from taking any action to evict Belk during the pendency of this litigation, taking any action that interferes with Belk's exclusive possession of the property, or from commencing certain maintenance and construction work, referred to as "Landlord's Work", pursuant to the Ground Lease. ECF No. 21, p. 17-18. Scottsdale responded in opposition, arguing that Belk has failed to show that it is likely to succeed on the merits of its declaratory action, that Belk has failed to show that it would suffer irreparable harm without imposition of the requested injunction, and that the

---

[1] Belk filed an earlier Motion for Preliminary Injunction (ECF No. 6), which the Court subsequently denied (ECF No. 17).

balance of equities and consideration of public interest weigh against granting Belk's request. ECF No. 25, p. 5-12. Belk replied to Scottsdale's response, disputing Scottsdale's interpretation of the Ground Lease and reasserting the impending harm from Scottsdale performing its proposed Landlord's Work. ECF No. 28. Judge Ford conducted a hearing (ECF No. 31) on Belk's motion, and the parties submitted post-hearing briefs (ECF Nos. 36 & 37).

In the instant R&R, Judge Ford determines that Belk has not met its burden of showing that the requested injunction is warranted at this time. ECF No. 44, p. 16-21. Though Judge Ford finds that though Belk has shown it has a "fair chance" of prevailing on the merits in this action, he also finds that Belk has nevertheless failed to show that it would suffer irreparable harm if the requested injunction is not granted. Judge Ford explains that the evidence put forth demonstrates that Belk has a recourse for damages incurred as a result of any Landlord's Work conducted by Scottsdale. Judge Ford also emphasizes that Scottsdale has only threatened eviction proceedings without ever initiating such proceedings. Therefore, Judge Ford recommends that Belk's request for injunctive relief be denied. However, Judge Ford does note that Scottsdale's initiation of eviction proceedings during this action would alter the status quo and impact Belk's ability to show irreparable harm.

Belk objects to Judge Ford's determination that it cannot show a threat of irreparable harm at this time. ECF No. 45, p. 2-9. Belk first disputes that it has a remedy for the various forms of damages that it would incur from any Landlord's Work. Belk contends that such work would disrupt its possession of the premises and cause unquantifiable reputational harm between Belk and its customers and business associates. Belk also contends that Scottsdale's constantly renewing threats to initiate eviction proceedings constitutes a threat of irreparable harm justifying the imposition of the requested injunction. *Id*. at p. 9-12.

Courts consider four factors when evaluating a request for a preliminary injunction: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest." *Wilbur-Ellis Co., LLC v. Erikson*, 103 F.4th 1352, 1355-56 (8th Cir. 2024) (quotation omitted). The likelihood of success of the merits is the most significant factor. *See id*. at 1356. However, a movant must show that the threat of harm "is certain and great and of such imminence that there is a clear and present need for equitable relief." *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 951 (8th Cir. 2023) (quotation omitted). A failure to demonstrate such irreparable harm "is a sufficient ground to deny a preliminary injunction." *Id*. (quotation omitted).

Upon de novo review of the parties' arguments and the relevant evidence, the Court agrees with the conclusions reached by Judge Ford in the instant R&R. Belk has not met its burden of showing that it will suffer irreparable harm without the imposition of the requested preliminary injunction. Though changes to the current circumstances, such as Scottsdale initiating eviction proceedings, may allow Belk to renew its request for injunctive relief, such relief is not warranted at this time. Accordingly, the Court hereby adopts Judge Ford's R&R (ECF No. 44) in toto. Plaintiff Belk's Supplemental Motion for Preliminary Injunction (ECF No. 21) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 3rd day of December, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge